IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAYLA HODGE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BLUE FLAME LOUNGE, INC., JACQUELYN WHITE, and MICHAEL CATO,**<br><br>**Defendants.** | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Jayla Hodge brings this Complaint against Defendants Blue Flame Lounge, Inc., Jacquelyn White, and Michael Cato, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act ("FLSA") minimum wage action, Plaintiff alleges that Defendants, her former employers, failed to pay her minimum wages for her work as an exotic dancer and required her to pay them out of her own pocket for the privilege of working.

1

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, and the Fair Labor Standards Act, ("FLSA") §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because the individual Defendants reside in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff is a natural person residing in Cobb County, Georgia.

5.

Blue Flame Lounge, Inc. is a domestic limited liability company existing under the laws of Georgia.

6.

Blue Flame Lounge, Inc. can be served with process through its registered agent, Jacquelyn White, at 1097 Harwell Road, Atlanta, GA, 30318.

7.

Blue Flame Lounge, Inc. is subject to the personal jurisdiction of this Court.

8.

Defendant White is a resident of Fulton County, Georgia.

9.

White can be served with process at her residence in Atlanta, Georgia, or wherever she can be found.

10.

White is subject to the personal jurisdiction of this Court.

11.

Defendant Cato is a resident of Fulton County, Georgia.

12.

Cato can be served with process at his residence in Atlanta, Georgia, or wherever he can be found.

13.

Cato is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**Corporate Employer and FLSA Coverage Allegations**

14.

Defendant Blue Flame and operates "Blue Flame Lounge," an adult entertainment nightclub in Atlanta, Georgia.

15.

Plaintiff worked as an exotic dancer at Blue Flame Lounge from approximately 2015 through mid- or late-November 2019.

16.

At all relevant times, Plaintiff's work as a dancer at Blue Flame Lounge did not require any special skill or training.

17.

At all relevant times, Plaintiff was required to dance on stage when called by the club DJ.

18.

At all relevant times, Plaintiff did not share Defendants' opportunity for profit and loss depending on managerial skill.

19.

At all relevant times, Plaintiff's investment in the equipment and materials needed to perform her job was limited to her own clothing and the fees she was required to pay each shift.

20.

At all relevant times, Defendants' investment in the equipment and materials needed for Plaintiff to perform her job dwarfed any investment by Plaintiff.

21.

At all relevant times, Plaintiff's dancer work at Blue Flame Lounge was open-ended and was not for a set time period.

22.

At all relevant times, dancer work such as that of Plaintiff was integral to Blue Flame Lounge's business as a strip club.

23.

At all relevant times, Defendant Blue Flame Lounge, Inc. was Plaintiff's "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

24.

Throughout 2016, 2017, 2018, and 2019, Blue Flame Lounge had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of FLSA, § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

25.

Specifically, Blue Flame Lounge has had two or more employees handling or selling food and/or alcoholic beverages manufactured outside the State of Georgia and shipped from outside the State of Georgia.

26.

In 2016, Blue Flame Lounge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

In 2017, Blue Flame Lounge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

In 2018, Blue Flame Lounge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

In 2019, Blue Flame Lounge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

Throughout 2016, 2017, 2018, and 2019, Blue Flame Lounge was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA, § 6(a), 29 U.S.C. § 206 (a).

**Individual Employer Allegations**

31.

At all relevant times, Defendant White was an owner of Blue Flame Lounge, Inc.

32.

At all relevant times, Defendant White was the CEO, CFO, and Secretary of Blue Flame Lounge, Inc.

33.

At all relevant times, Defendant White was directly or indirectly involved in the day-to-day operation of Blue Flame Lounge.

34.

At all relevant times, Defendant White directly or indirectly controlled the terms and conditions Plaintiff's employment at Blue Flame Lounge.

35.

At all relevant times, Defendant White was Plaintiff's "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

36.

At all relevant times, Defendant Cato was an owner of Blue Flame Lounge, Inc.

37.

At all relevant times, Defendant Cato was directly or indirectly involved in the day-to-day operation of Blue Flame Lounge.

38.

At all relevant times, Defendant Cato directly or indirectly controlled the terms and conditions Plaintiff's employment at Blue Flame Lounge.

39.

At all relevant times, Defendant Cato was Plaintiff's "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**FLSA Violation**

40.

Throughout her employment by Defendants, Plaintiff worked for Defendants between 3 and 6 days per week.

41.

At all relevant times, Defendants paid Plaintiff no wages.

42.

At all relevant times, Defendants required Plaintiff to pay "house fees" each shift that she worked.

43.

At all relevant times, Defendants required Plaintiff to pay fees to the club DJ each shift that she worked.

44.

At all relevant times, Defendants required Plaintiff to pay fees to the club "house mom" each shift that she worked.

45.

At all relevant times, Defendants were aware of their obligation to compensate Plaintiff at a rate no less than the federal minimum wage.

46.

At all relevant times, Defendants disregarded their obligation to compensate Plaintiff at a rate no less than the federal minimum wage.

47.

At all relevant times, Defendants failed to compensate Plaintiff at a rate no less than the federal minimum wage.

48.

Defendants' failure to compensate Plaintiff at a rate no less than the federal minimum wage was willful.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

49.

At all relevant times, Plaintiff was an employee of Defendants covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

50.

At all relevant times, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

51.

Plaintiff is entitled to recover all minimum wages that Defendants failed to pay to Plaintiff during the three years prior to the filing of this action.

52.

Plaintiff is entitled to recover from Defendants all fees that they required Plaintiff to pay in order to work.

53.

Defendants' violations of the FLSA's minimum wage provisions were willful within the meaning of FLSA § 55, 29 U.S.C. § 255.

54.

Plaintiff is entitled to recover liquidated damages in an amount equal to Plaintiff's unpaid minimum wages pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

55.

Defendants are liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That her claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including reasonable attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

This 27th day of December 2019,

                                                          Respectfully submitted,

                                                          **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                                          */s/ Matthew W. Herrington*

| | |
|---|---|
| 101 Marietta Street | Charles R. Bridgers |
| Suite 2650 | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 | Ga. Bar No. 275411 |
| (404) 979-3170 (f) | |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |
| matthew.herrington@dcbflegal.com | |